UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARVIN SEWELL,<br><br>Plaintiff,<br><br>VICTORIA KUHN, ESQ., et al.,<br><br>Defendants. | Civil Action No. 23-16932 (ES) (CLW)<br><br>REPORT AND RECOMMENDATION |

**CATHY L. WALDOR, U.S.M.J.**

This comes before the Court upon Plaintiff's motion to remand this matter to the Superior Court of New Jersey. (ECF No. 8). The Hon. Esther Salas, U.S.D.J. referred this motion to the undersigned for a report and recommendation. In accordance with Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1, the Court considers Plaintiff's application without oral argument. Upon careful consideration of the record for this matter; and for good cause shown; and

**WHEREAS** Plaintiff commenced this matter by filing a Verified Complaint in the Superior Court of New Jersey on or about June 23, 2023. (Notice of Removal, Ex. A, ECF No. 1). Plaintiff asserted several causes of action, including a claim seeking relief under 28 U.S.C. § 1983 for Defendants' alleged violation of his rights under the Eighth Amendment to the United States Constitution. (*Id.* ¶¶ 38-41); and

**WHEREAS** Defendant Rutgers, the State University of New Jersey removed the case to federal court on September 6, 2023, arguing that removal was appropriate under 28 U.S.C. § 1441(c)(1)(a) in light of Plaintiff's Eighth Amendment claim. (Notice of Removal ¶ 3, ECF No. 1); and

**WHEREAS** on or about October 11, 2023, Plaintiff filed both an Amended Complaint and a motion to remand this matter to the Superior Court of New Jersey. (ECF Nos. 8-9). In his Amended Complaint, Plaintiff has explicitly removed his Eighth Amendment claim as well as his reference to 28 U.S.C. § 1983. (*Generally* Am. Compl., ECF No. 9); and

**WHEREAS** by letter dated October 17, 2023, Rutgers and University Correctional Health Care wrote jointly to advise that, considering Plaintiff's amendments, and provided that the current Affidavit of Merit deadline would remain in place, those entities would not oppose Plaintiff's motion to remand. (ECF No. 10). To date, no other defendant has opposed or otherwise taken a position on Plaintiff's motion; and

**WHEREAS** while the pro se Plaintiff filed his proposed amendment without leave of Court, the Court finds that it would be appropriate to grant him leave to do so, *nunc pro tunc*, in light of his pro se status. Specifically, it appears that Plaintiff's amendment satisfies the requirements of Federal Rule of Civil Procedure 15 and associated case law (the amendment is not facially futile and does not raise concerns of undue delay, unfair prejudice or bad faith) and Defendants have not taken issue with the propriety of Plaintiff's amendments;

**IT IS** on this 20th day of November, 2023,

**RECOMMENDED** that the District Court *sua sponte* grant Plaintiff leave to file his amended pleading, *nunc pro tunc*, and deem the Amended Complaint properly filed as of October 11, 2023; and it is further

**RECOMMENDED** that the District Court **GRANT** Plaintiff's unopposed motion to remand this matter to the Superior Court of New Jersey; (ECF No. 8); and it is further

3

**RECOMMENDED** that the District Court include in any remand order that the remand will have no effect on Plaintiff's obligations (including timing) vis-à-vis filing an Affidavit of Merit.

s/ Cathy L. Waldor
Hon. Cathy L. Waldor, U.S.M.J.

cc:     Hon. Esther Salas, U.S.D.J.