**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

December 8, 2023
**LETTER ORDER**

Re: *Sewell v. Victoria Kuhn, Esq., et al.*
    **Civil Action No. 23-16932 (ES) (CLW)**

Dear counsel:

On or about June 23, 2023, Plaintiff filed a Verified Complaint in the Superior Court of New Jersey against Defendants Victoria Kuhn, Esq.; Patricia McGill; New Jersey Department of Corrections; Mary Laoye; Swarnalatha Asokan; and University Correction Health Care, a constituent unit of Rutgers, The State University of New Jersey, asserting several causes of action, including a claim seeking relief under 42 U.S.C. § 1983 for Defendants' alleged violation of his rights under the Eighth Amendment to the United States Constitution. (D.E. No. 1, Ex. A ¶¶ 5 & 38-41). On September 6, 2023, Defendant University Correctional Health Care, a constituent unit of Rutgers, The State University of New Jersey ("Rutgers"), removed the matter to this Court arguing that removal was appropriate under 28 U.S.C. § 1441(c)(1)(a) in light of Plaintiff's Eighth Amendment claim. (D.E. No. 1 ¶ 3). On October 11, 2023, Plaintiff filed both an Amended Complaint, which removed his Eighth Amendment claim as well as his reference to 42 U.S.C. § 1983, and a motion to remand this matter to the Superior Court of New Jersey. (D.E. Nos. 8 & 9). On October 17, 2023, counsel for Rutgers advised the Court that considering Plaintiff's amendments, and provided that the current Affidavit of Merit deadline would remain in place, Rutgers would not oppose Plaintiff's motion to remand. (D.E. No. 10).

On November 20, 2023, the Honorable Cathy L. Waldor, U.S.M.J., issued a Report and Recommendation recommending that the Court (i) sua sponte grant Plaintiff leave to file his amended pleading, *nunc pro tunc*, and deem the Amended Complaint properly filed as of October 11, 2023; (ii) grant Plaintiff's unopposed motion to remand this matter to the Superior Court of New Jersey; and (iii) include in any remand order that the remand will have no effect on Plaintiff's obligations (including timing) vis-à-vis filing an Affidavit of Merit. (D.E. No. 12 ("R&R") at 2–3). Judge Waldor provided the parties fourteen days to file and serve objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). (*Id.*). The parties did not file any objections.

Having reviewed Judge Waldor's R&R in full, and for the reasons stated therein,

**IT IS** on this 8th day of December 2023,

**ORDERED** that the Court **ADOPTS** Judge Waldor's R&R (D.E. No. 12) in full; and it is further

**ORDERED** that Plaintiff is granted leave to file his amended pleading (D.E. No. 9), *nunc pro tunc*; and it is further

**ORDERED** that Plaintiff's Amended Complaint (D.E. No. 9) is deemed to have been properly filed as of October 11, 2023; and it is further

**ORDERED** that Plaintiff's unopposed motion to remand this matter to the Superior Court of New Jersey (D.E. No. 8) is **GRANTED**; and it is further

**ORDERED** that this case is **REMANDED**; and it is further

**ORDERED** that the remand will have no effect on Plaintiff's obligations (including timing) vis-à-vis filing an Affidavit of Merit; and it is further

**ORDERED** that the Clerk of Court **CLOSE** this matter.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**